UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MATIYA J. FONTAINE,

                                  Plaintiff,

-against-

CGI; LINEAGE PROPERTIES; EMPIRE STATE MANAGEMNT CO.; LA CABANA APARTMENTS; EPHRAIM FRUCHTHANDLER; MATIS TYBERG; LUIS PEREZ; DJ,

                                  Defendants.

**MEMORANDUM AND ORDER**

22-CV-3857 (LDH)(RML)

LaSHANN DeARCY HALL, United States District Judge:

On January 30, 2023, Plaintiff Matiya J. Fontaine filed the instant *pro se* action and alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* (the "FHA"), 42 U.S.C. § 1981 ("Section 1981") and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"). Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons discussed below, Plaintiff is granted thirty (30) days leave from the date of this Order to submit an amended complaint.

### BACKGROUND[1]

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order. Plaintiff's complaint is far from clear. Plaintiff asserts that she is a disabled, black, single woman who resides in Brooklyn, New York and was refused an "opportunity to participate in denied renovations" to her apartment and an "ADA upgrade to a larger unit." (Compl. at 7, ECF No. 1.) She further alleges that Defendants retaliated against her

---

[1] The following facts taken from the complaint (ECF No. 1) are assumed to be true for the purpose of this memorandum and order.

1

and threatened her with termination from the housing assistance program in which she participates. (*Id.*) Plaintiff seeks to have her apartment upgraded and monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). And, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a pro se complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally"). That said, the Court must dismiss *sua sponte* a pro se action if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

Each of Plaintiff's stated causes of action fall short of the pleading standard required to state a case for which relief may be granted.

Plaintiff alleges that Defendants discriminated against her based on her disability and race and retaliated against her in violation of the FHA. The FHA prohibits, among other things, discrimination based on race in the setting the availability, terms, and conditions of residential real estate transactions. 42 U.S.C. § 3605(a). To state a claim for housing discrimination under the FHA, a plaintiff must sufficiently allege "(1) [s]he is a member of the protected class; (2) that defendant took adverse actions against [her]; and (3) that the adverse action took place under circumstances giving rise to an inference of discrimination." *Mazzocchi v. Windsor Owners Corp.*, 11–CV–7913 (LBS), 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6, 2012) (citation omitted). And to state a plausible retaliation claim, Plaintiff must allege that additional facts that (1) she is a member of a protected class (2) in the exercise or enjoyment of her FHA rights, and (3) as a result of her actions, she suffered coercion, intimidation, threats, interference or retaliation. *See Wentworth v. Hedson*, 493 F.Supp.2d 559, 565 (E.D.N.Y.2007).

Here, Plaintiff simply has not alleged any facts to support FHA liability under either theory. For instance, she has not alleged what disability or condition she lives with. Nor does Plaintiff explain what reason she was given for the alleged denial of an upgrade to her apartment. Without more, the Court may not infer merely from Plaintiff's racial identity and the fact that she was denied a renovation request, that Defendant discriminated against her based upon her identity. And, with respect to Plaintiff's retaliation claim, she does not provide any details supporting an inference that she was subjected to retaliatory conduct or that she exercised her FHA rights. Plaintiff's FHA claim therefore fails on either theory. *See Nguedi v. Fed. Reserve Bank of New*

*York*, 813 F. App'x 616, 618 (2d Cir. 2020) (unpublished) (pro se litigant's reliance on "conclusory allegations" and "unsubstantiated speculation" are not sufficient).

Plaintiff also asserts claims under § 1981 and Title VII, but these claims suffer from the same problem. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Title VI provides that no person shall be subject to exclusion from participation in, denial of benefits of, or discrimination in any program receiving federal financial activity based upon race. 42 U.S.C. 42 U.S.C. § 2000d *et seq.* In order to state a claim under either of these statutes, "the plaintiff must show, inter alia, that the defendant discriminated against [her] on the basis of race, that that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions." *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (citations and quotations omitted). And, "the standard for liability under these statutes is more exacting than the standard required to sustain an FHA claim, which the Court has already determined Plaintiff has failed to meet." *Jackson v. Wells Fargo Home Mortgage*, 15-CV-5062 (PKC) (ST), 2019 WL 1376840, at *4 (E.D.N.Y. Mar. 17, 2019).

As with her FHA claim, Plaintiff's claims under § 1981 and Title VII fall short of the pleading standard. Plaintiff alleges only that she is a disabled, black, single woman and was refused an "opportunity to participate in denied renovations" to her apartment and an "ADA upgrade to a larger unit." (Compl. at 7.) Because these allegations "consist[ ] of nothing more than conclusory allegations that [Plaintiff] was mistreated as a result of h[er] race," *Brown v. Greene*, No. 11-CV-4917 (BMC), 2012 WL 911560, at *3 (E.D.N.Y. Mar. 16, 2012), her claims are dismissed. *See Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) ("a plaintiff's naked

4

allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss.").

Accordingly, Plaintiff's complaint is dismissed without prejudice and she is granted leave to amend her complaint to expound upon her allegations.

## LEAVE TO AMEND

Plaintiff is granted 30 days' leave from the date of this Order to submit an amended complaint. Should Plaintiff elect to file an amended complaint, she must provide a short and plain statement of the relevant facts supporting her claim under the FHA, Title VI, and Section 1981, against each Defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named Defendants.[2] Plaintiff's amended complaint should: (a) state the names and titles of all Defendants; (b) describe all relevant events, stating the facts that support Plaintiff's case, including what each Defendant did or failed to do; (c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; (d) give the location where each relevant event occurred; (e) describe how each Defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and (f) clearly state what relief Plaintiff seeks from the Court, such as monetary damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. The Amended Complaint must be labeled as an Amended Complaint and include the docket number. If Plaintiff fails to file an amended complaint within 30 days of this Order, or fail to address the deficiencies identified herein, judgment may enter.

---

[2] Plaintiff's failure to provide an address for each Defendant named in the Amended Complaint will mean that the Court will not be able to direct service of process for those Defendants.

5

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(6).  However, Plaintiff is granted 30 days' leave to amend the complaint to allege facts, if possible, to support a basis for her claim.  No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal.  See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
       April 15, 2025

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge